# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**JESSE J. IVY**                                                                                         **PLAINTIFF**

**V.**                                        **CAUSE NO.:1:10CV29-SA**

**UNITED STATES DEPARTMENT OF**
**AGRICULTURE (FSA)**                                                    **DEFENDANT**

## MEMORANDUM OPINION ON MOTION TO DISMISS

Presently before the Court is the Defendant's Motion to Dismiss for lack of subject matter jurisdiction, or alternatively for failure to state a claim upon which relief can be granted. The Plaintiff has not responded to the motion. For the reasons stated below, the Defendant's motion is granted.

### Factual and Procedural Background

In 2001, Plaintiff entered into a deed of trust, with Defendant, United States Department of Agriculture (USDA). The document originally contained a scrivener's error resulting in a mis-description of the real property covered by the deed. In 2009, Defendant brought an action in the Chancery Court of Clay County, Mississippi to have the deed reformed in order to match the parties' original intent. The state court found for Defendant and reformed the deed to match the parties' original intent. Plaintiff now alleges that the Defendant discriminates in lending practices against minorities, citing as an example thereof the Defendant's non-compliance with the original deed of trust. Plaintiff seeks further reformation of the deed of trust, and court costs.

## Subject Matter Jurisdiction

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) attacks the court's ability to hear and decide any issue in the case. Fed. R. Civ. P. 12(b)(1). The Court may address the jurisdictional issue any time that it is asserted during the pendency of the litigation, or may address it sua sponte. Allen v. Schafer, No. 4:08cv120-SA-DAS, 2009 WL2245220, at *1 (N.D. Miss. July 17, 2009). Here, Defendant asserts that subject matter jurisdiction is lacking. Therefore, this issue must be addressed first.

When considering a 12(b)(1) motion, the Court has the ability to follow two different approaches. The Court may limit its review to the face of the pleadings, or the Court may go outside of the pleadings and consider additional facts. Clark v. Tarrant County, 798 F.2d 726, 741 (5th Cir. 1986). The burden is on the plaintiff to show that jurisdiction is proper. Smith v. McCullough, 270 U.S. 456, 459, 46 S. Ct. 338, 70 L. Ed. 682 (1926). In cases in which the plaintiff appears pro se, the Court liberally interprets the complaint, holding the plaintiff to a less stringent standard than that of an attorney. Erikson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). However, liberal interpretation does not absolve the plaintiff of the duty of establishing jurisdiction. Clarke v. United States, No. 10-283C, 2010 WL 2143675 at *2 (Fed. Cl. May 24, 2010) ("While pro se plaintiffs are held to a lower standard of pleading than those represented by counsel, all those seeking to invoke the court's subject matter jurisdiction ultimately retain the burden of establishing that the jurisdictional requirements are met."). In addition to jurisdictional issues, the Court must also consider the issue of sovereign immunity. United States v. Sherwood, 312 U.S. 584, 586-87, 61 S. Ct.767, 85 L. Ed. 1058 (1941).

Here, Plaintiff claims jurisdiction is proper pursuant to 28 U.S.C. § 1331. This statute provides, "The District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. In his pleading, the Plaintiff fails to point to the violation of any specific law, treaty, or Constitutional provision. Despite the Plaintiff's lack of specificity in pleading, his allegation of discrimination in lending speaks to violations of (1) the Fifth and Fourteenth Amendments to the United States Constitution, (2) Section 1981 of the Civil Rights Act of 1964, and (3) The Equal Credit and Opportunity Act. However, the United States has not waived its sovereign immunity in regards to suits brought under the Fifth and Fourteenth Amendments, or Section 1981. Benoit v. U.S. Dep't of Agric., 577 F. Supp. 2d 12, 26 (D. D.C. 2008). Therefore, the Court dismisses any of the plaintiff's potential claims arising under the Fifth and Fourteenth Amendments, or Section 1981.

However, the Court will exercise subject matter jurisdiction over claims arising under The Equal Credit Opportunity Act (ECOA). ECOA makes it unlawful for any creditor "to discriminate against any applicant with respect to any aspect of the credit transaction on the basis of race . . . ." 15 U.S.C. § 1691(a). Additionally, the ECOA's definition of creditor includes the United States Government, thus waiving the United States' sovereign immunity. Id. § 1691(e)-(f); Moore v. U.S. Dep't of Agric. ex rel. Farmers Home Admin., 55 F.3d 991, 994-95 (5th Cir. 1995) (holding that by identifying the term creditor as a person, and subsequently identifying one of the definitions of person as the government or governmental subdivision or agency, Congress waived the United States sovereign immunity in ECOA claims); Benoit, 577 F. Supp. 2d at 16-7. In Moore, the Fifth Circuit compared the Truth In Lending Act (TILA), 15 U.S.C. §§ 1601-1667e, and the ECOA, 15 U.S.C. §§ 1691-1691f. Moore, 55 F.3d at 994-95. The Court noted that both Acts included in their

3

definitions of person or creditor any government or governmental subdivision or agency. Id. (comparing 15 U.S.C. § 1602(c)-(d),(f) with 15 U.S.C. § 1691a(e)-(f)). The Court then explained that in TILA Congress expressly preserved the United States' sovereign immunity. Id. (citing 15 U.S.C. § 1612(b)). The Court reasoned that, "Clearly, TILA indicates that Congress intended 'government or governmental subdivision or agency' to include the United States, because otherwise it would not have specifically preserved the United States' immunity unless it believed that such immunity had previously been waived." Id. The Court then concluded that Congress intended to waive sovereign immunity under ECOA as there was no express preservation of immunity within the Act. Id.

Here, Plaintiff claims that the USDA discriminates against minority farmers in lending practices, an alleged violation of ECOA. See 15 U.S.C. § 1691(a). Therefore, the Court would possess subject matter jurisdiction over any potential ECOA claim brought by Plaintiff, pursuant to 28 U.S.C. § 1331.

Defendant contends that ECOA's statute of limitations poses a bar to exercising jurisdiction over this case. "Too often courts and litigants confuse or conflate two distinct concepts: subject matter jurisdiction over a controversy, and the essential ingredients of a federal claim for relief." Benoit, 577 F. Supp. 2d at 21 (punctuation omitted). Recently, in Arbaugh v. Y&H. Corp., 546 U.S. 500, 515-16, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006), the United States Supreme Court articulated a test for determining when an issue speaks to subject matter jurisdiction or the ability of the plaintiff to state a claim.

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then the courts and litigants will be duly instructed and will not be left to wrestle with the issue . . . . But when Congress does not rank a statutory

4

> limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

Id.; see also Kontrick v. Ryan, 540 U.S. 443, 454, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004) ("Clarity would be facilitated if courts and litigants used the label jurisdictional not for claim processing rules, but only for delineating the classes of cases (subject matter jurisdiction) . . . falling within a court's adjudicatory authority."); Zipes v. Transworld Airlines Inc., 455 U.S. 385, 394-95, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982).

The ECOA provides "Any action under this section may be brought in the appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction. No such action shall be brought later than two years from the date of the occurrence of the violation . . . ." 15 U.S.C. § 1691e(f). Although the statute of limitations provision falls under the same section as the jurisdictional provision, the issues are viewed separately because there is no express congressional instruction to do otherwise. See Adams v. U.S. Dep't Agric., No. 3:07-CV-612-HTW-LRA, 2010 WL1374898 at *1-3 (S.D. Miss. Mar. 31, 2010) (ruling that the court had subject matter jurisdiction over an ECOA claim even though the two year statute of limitations had passed). The ECOA statute of limitations has no effect on subject matter jurisdiction, but, rather, it affects the soundness of the party's claim. Id. Therefore, the Court denies the Defendant's Motion to Dismiss for lack of Subject Matter Jurisdiction on the basis of the ECOA's statute of limitations.

## Failure to State a Claim Upon Which Relief Can Be Granted

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court shall view all well-pleaded facts as true and consider them in a light most favorable to the plaintiff. Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir.

2004). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); accord Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 173 L. Ed. 2d 868, 883-85 (May 18, 2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555, 127 S. Ct. 1955 (quotation marks, citations, and footnote omitted). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (citing Twombly, 550 U.S. at 558, 127 S. Ct. 1955) (internal quotation marks omitted)).

Pro se plaintiffs are held to a lower pleading standard than attorneys. Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); see also Perez v. United States, 312 F.3d 191, 194-95 (5th Cir. 2002) (holding that in order to avoid inequity, courts must construe pro se plaintiff's pleadings liberally). However, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950. Despite the liberality with which the Court construes a pro se plaintiff's pleadings, conclusory allegations or legal conclusions dressed as factual conclusions will not circumvent a motion to dismiss. Madis v. Edwards, 347 F. App'x 106, 107 (5th Cir. 2009).

Even construed liberally, Plaintiff's Complaint fails to allege enough facts to state a claim of relief that is plausible on its face. Plaintiff alleges that the USDA discriminates against minorities in its lending practices. However, Plaintiff does not cite any specific USDA action that can be

6

labeled discriminatory. Plaintiff also contends that the USDA discriminated against him by failing to comply with the deed of trust. However, he does not cite any specific example of non-compliance. Furthermore, although Plaintiff seeks further reformation of the deed of trust, he fails to allege any facts concerning the formation of the contract or how the reformed deed fails to reflect the true intent of the parties. Plaintiff claims that he is entitled to relief, but he has not alleged sufficient facts to support his claim. Iqbal, 129 S. Ct. at 1950. Therefore, the Court grants the Defendant's Motion To Dismiss for Failure to State a Claim.

SO ORDERED, this the 23rd day of June, 2010.

                                                  **/s/ Sharion Aycock**
                                                  **U.S. DISTRICT JUDGE**